IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**KEITH LOWE,**

      **Plaintiff,**

v.   Case No. 2:17-cv-02345

**DR. SHERRY JOHNSON,** *et al.*,

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is proceeding on the plaintiff's Amended Complaint (ECF No. 19). Pending before the court are the Motion to Dismiss of David Ballard and James Rubenstein (ECF No. 64) and the Motion to Dismiss of Dr. Sherri Johnson (ECF No. 71).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff, who is an inmate at the Mount Olive Correctional Complex ("MOCC"), suffers from epilepsy and seizures as a result thereof. The Amended Complaint alleges that the plaintiff was prescribed Dilantin three times a day for his condition. However, according to the Complaint, on April 2, 2015, Dr. Sherri Johnson terminated the plaintiff's use of Dilantin, without warning, which allegedly caused the plaintiff to have several seizures causing significant injury. (ECF No. 19 at 1, 11).

The Amended Complaint further alleges that, after Dr. Johnson stopped his medication, he wrote letters to James Rubenstein, who was then the Commissioner of the West Virginia Division of Corrections (WVDOC"), and David Ballard, who was then Warden of MOCC, requesting their assistance in restoring his receipt of the medication. (ECF No. 19 at 11-12 and Exs. 4 and 7). The plaintiff further contends that, despite these individuals having actual knowledge that his seizure medication had been stopped, they failed to act until after he had multiple seizures, causing him to defecate, urinate, vomit and convulse on the concrete floor in his cell and subjected him to a substantial risk of harm, including unnecessary pain and suffering and preventable injury. (*Id*. at 3-4).[1]

The sole remaining claims against these defendants are Counts I and II of the Amended Complaint, which are brought under 42 U.S.C. § 1983, alleging that defendant Johnson, Ballard, and Rubenstein's conduct violated the plaintiff's rights under the Eighth and Fourteenth Amendments. The plaintiff seeks declaratory, injunctive, and monetary relief from each of the defendants.

## STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual

---

[1] As clarified in a response to a prior motion to dismiss filed in this action, the plaintiff suffered two seizures on April 6, 2015, and April 10, 2015.

allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The plaintiff claims that the defendants' deliberate indifference to a serious medical need has violated his rights under the Eighth Amendment's guarantee against cruel and unusual punishment, which is made applicable to the state through the Fourteenth Amendment.[2] The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

---

[2] The undersigned does not read the Amended Complaint to be making any separate claim under any of the other provisions of the Fourteenth Amendment.

3

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

### A. The plaintiff's Amended Complaint fails to state plausible claims for relief against defendants Rubenstein and Ballard in their official capacities.

The plaintiff's Amended Complaint is inconsistent concerning the capacity in which he is suing defendants Rubenstein and Ballard. Out of an abundance of caution, the undersigned will treat the Amended Complaint as being brought against these defendants in both their individual and official capacities.

To the extent that the plaintiff is seeking monetary damages from these defendants in their official capacities, such relief is barred by the Eleventh Amendment to the United States Constitution. Pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States

Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). Moreover, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under section 1983. Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff cannot state any plausible claims for relief against defendants Rubenstein and Ballard in their official capacities.

      **B.    The Amended Complaint does state plausible Eighth Amendment claims against the defendants in their individual capacities.**

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health

5

or safety." *Id.* at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See* [*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)].

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee*

6

*v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are generally not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

### 1. The claim against defendant Johnson.

In the instant case, the plaintiff contends that Dr. Sherri Johnson acted with deliberate indifference when she terminated his Dilantin without warning and, despite his repeated requests, failed to restore his Dilantin or replace it with alternative medication for approximately three weeks, during which time he suffered at least two seizures resulting in physical injury. Taking these allegations as true, as the court must at this stage of the proceedings, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has sufficiently alleged facts that could plausibly support a claim of deliberate indifference to a serious medical need under the Eighth Amendment.

7

### 2. Claims against defendants Ballard and Rubenstein.

In *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the Court held that supervisory officials may be liable for the actions of their subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved prior constitutional violations. Such liability is not based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." 13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). In *Shaw*, the Fourth Circuit discussed the following elements necessary to establish a supervisor's liability under 42 U.S.C. § 1983:

> 1) The supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>
> 2) The supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and
>
> 3) There was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injuries suffered by the plaintiff.

13 F.3d at 799. However, in *Farmer*, *supra*, the Supreme Court clarified that a prison official's "actual subjective awareness" of an excessive risk of harm or safety was required to hold the official liable under the Eighth Amendment. Thus, a prison official cannot be held liable for the failure to alleviate a risk that he should have perceived, but did not in fact perceive. 511 U.S. at 838. As further noted in *Evans v. Chalmers*:

> [T]he Supreme Court explained in *Iqbal* that "a supervisor's mere knowledge" that his subordinates are engaged in unconstitutional conduct is insufficient to give rise to liability; instead a supervisor can only be held liable for "his or her own misconduct." [556 U.S. at 677.]

8

703 F.3d 636, 660-61 (4th Cir. 2013). Thus, to hold a supervisory defendant liable, the plaintiff must allege facts that allow the court to draw a reasonable inference that the supervisor's own conduct permitted the constitutional violation to occur. *Iqbal*, 556 U.S. at 677.

Count II of the plaintiff's Amended Complaint raises claims of supervisory liability against defendants Ballard and Rubenstein. In his response to their Motion to Dismiss, he abandons those claims. However, he states that he, nonetheless, intends to pursue claims of deliberate indifference to his serious medical needs by these defendants. Accordingly, the undersigned construes the plaintiff's response to be agreeing to the dismissal of Count II of his Amended Complaint, but asserting that Count I thereof is sufficiently pled and disputed.

The plaintiff contends that Ballard and Rubenstein clearly knew of the substantial risk of harm to his health from the termination of his medication, but failed to address the issue or take any kind of corrective action, amounting to deliberate indifference to his serious medical need. (ECF No. 19 at 18-19). However, these defendants contend that the plaintiff has failed to assert any factual allegations demonstrating that they failed to provide the plaintiff with needed medical care, interfered with his medical care, or tacitly authorized an alleged constitutional violation. (ECF No. 65 at 3).

They further assert that they "reviewed and considered the Plaintiff's grievance providing him clear explanation as to why his prescription for Dilantin [was discontinued] as follows:

> Mr. Lowe, the Dilantin was discontinued because you were noncompliant with providing blood for lab analysis that is required to monitor during administration of this specific medication. This was explained to you.

9

(ECF No. 77 at 3-4 and ECF No. 19, Ex. 2).[3] It is well established that denying a prisoner's grievances, by itself, "is not the type of personal involvement required to state an [Eighth Amendment] claim." *See, e.g., Lowe v. Matheney*, No. 2:13-cv-22416, 2015 WL 5795867 *9 (S.D. W. Va. Sept. 30, 2015) (Goodwin, J.) (inadequacy of allegations involving supervisory liability claim based upon denial of grievances); *see also Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir. 2007); *Ferris v. Jones*, No. 4:14-cv-454, 2015 WL 4668297, at *9 (N.D. Fla. Aug. 5, 2015). These defendants further assert that they should not be held liable for second-guessing the judgments of the medical personnel upon which they are entitled to rely. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); *Shakka v. Smith*, 71 F,3d 162, 167 (4th Cir. 1995).

However, presently there is insufficient evidence of record concerning the judgment of the medical provider or that Ballard and Rubenstein were actually relying on such judgment in failing to intervene. Taking as true the plaintiff's allegations that he notified both Ballard and Rubenstein in writing of the discontinuance of his medication and his subsequent seizures, and the appearance that he went approximately three weeks without any medication or any inquiry thereon by defendants Ballard and Rubenstein, the undersigned proposes that the presiding District Judge **FIND** that the Amended Complaint pleads sufficient facts to permit a reasonable factfinder to draw an inference that defendants Ballard and Rubenstein disregarded a "substantial risk of serious harm" to the plaintiff by failing to ensure that he timely received anti-seizure medication and,

---

[3] It is evident from the grievance documents that the responses thereto were rendered after the plaintiff had been prescribed the new medication, nearly three weeks after his Dilantin had been discontinued, and at least two weeks after the plaintiff had notified Rubenstein and Ballard in writing of such discontinuance and his first seizure and requested their assistance in having his medication restored.

10

therefore, sufficiently states enough facts to support a plausible claim of deliberate indifference to a serious medical need by those defendants.

### C. The defendants are not entitled to qualified immunity.

The defendants further assert that they are entitled to qualified immunity on the plaintiff's claims against them. Qualified immunity "shields government officials from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." M*eyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013). The following test is used to determine whether a defendant is entitled to qualified immunity: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional right; and (2) was that right clearly established such that a reasonable person would have known that their conduct was unlawful. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). A defendant is "entitled to a qualified immunity defense so long as 'the law did not put the [defendant] on notice that his conduct would be clearly unlawful.'" *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Because the undersigned has proposed that the presiding District Judge **FIND** that the plaintiff has sufficiently pled plausible violations of his clearly-established Eighth Amendment rights, the undersigned further proposes that the presiding District Judge **FIND** that, at this stage of the proceedings, these defendants are not entitled to qualified immunity on the plaintiff's Eighth Amendment claims.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Motions to Dismiss filed by defendants Ballard,

Rubenstein and Johnson (ECF Nos. 64 and 71) and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

November 21, 2018

Dwane L. Tinsley
United States Magistrate Judge