UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6353

KEITH W.R. LOWE,

    Plaintiff - Appellant,

  v.

DR. SHERRI JOHNSON, physician for Wexford, sued in her individual capacity; DONNA WARDEN, Medical Director of MOCC, sued in her individual capacity; DAVID BALLARD, Warden at MOCC; JAMES RUBENSTEIN, Commissioner of WVDOC, sued in his individual capacity and official; DANIEL CONN, CEO of Wexford sued in his individual and official capacity,

    Defendants - Appellees,

  and

WEST VIRGINIA DEPARTMENT OF CORRECTIONS; WEXFORD HEALTH SOURCES, INC.,

    Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, Chief District Judge. (2:17-cv-02345)

Submitted: February 27, 2020            Decided: March 17, 2020

Before GREGORY, Chief Judge, and WILKINSON and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Keith W.R. Lowe, Appellant Pro Se. Jeffery W. Lilly, ROSE PADDEN PETTY TAYLOR & LILLY, LC, Fairmont, West Virginia; John P. Fuller, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Lowe, a West Virginia inmate, appeals the district court's order dismissing his claim of deliberate indifference for failing to state a claim. We vacate the district court's order and remand for further proceedings.

We review the granting of a motion to dismiss for failure to state a claim de novo. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir.2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In doing so, we "construe . . . facts in the light most favorable to the plaintiff," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009), and "draw all reasonable inferences in [his] favor," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Yet, "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006) (internal quotation marks omitted). Nor do we credit allegations that offer only "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration and internal quotations marks omitted).

It is well-established law that "[i]f facts outside the complaint are to be considered, either party or the district court, *sua sponte*, shall cause an order to be entered converting the motion to dismiss into a motion for summary judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *see also vonRosenberg v. Lawrence*, 849 F.3d 163, 167 n.1 (4th Cir. 2017) ("It is well-established that parties cannot

amend their complaints through briefing or oral advocacy." (internal quotation marks omitted)). Indeed, "[c]onsideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). And although the district court may consider documents attached to the complaint if they are intrinsic to the complaint and integral to proving the sufficiency of that complaint, *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006), any other consideration of documents outside the pleadings requires conversion of the motion to dismiss to a motion for summary judgment. Here, as discussed below, the district court considered matters outside the pleadings to determine that the complaint was insufficient.

To succeed on an Eighth Amendment deliberate indifference claim, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). This "deprivation . . . must be, objectively, sufficiently serious; . . . the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks omitted). Second, the "prison official must have a sufficiently culpable state of mind . . . . In prison-condition cases that state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted). "[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[T]o act recklessly in [this context,] a person must consciously disregar[d] a substantial risk of serious harm." *Id.* at 839 (internal quotation marks

omitted). And while the prisoner does not have to show the prison official "act[ed] or omi[tted to act] for the very purpose of causing harm or with knowledge that harm will result," the prisoner must show "more than mere negligence." *Id.* at 835. Indeed, "a prisoner does not enjoy a constitutional right to the treatment of his . . . choice" so long as the medical treatment provided is adequate. *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013).

We conclude that Lowe plausibly claim alleged a deliberate indifference claim against Dr. Sherri Johnson. The parties do not dispute that epilepsy satisfies the first prong of *Farmer*. As to the second prong, while Lowe rejected initial attempts by the prison to draw his blood, thereby requiring the discontinuation of Dilantin, Johnson failed to provide a different antiseizure medication for about three weeks—and indeed, Lowe suffered seizures during the time he was not taking Dilantin or another antiseizure medication. This goes beyond the mere disagreement about treatment on which the district court relied to deny relief.

We also conclude that Lowe plausibly alleged a claim of supervisory liability against James Rubenstein and David Ballard. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (providing standard). The complaint contained Lowe's letters to both Rubenstein and Ballard informing them of Johnson's conduct, but it was not until after Lowe started his new medication that he received a response. The district court concluded that these defendants relied on Dr. Johnson's medical expertise in failing to respond to Lowe's letters, but this conclusion is not admitted in the complaint and was not properly considered at the motion to dismiss stage.

5

We therefore vacate the district court's order and remand for further proceedings. We express no opinion on the ultimate disposition of Lowe's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*