## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**KEITH W.R. LOWE,**

   **Plaintiff,**

**v.**

**DR. SHERRI JOHNSON; DONNA
WARDEN; DAVID BALLARD; JAMES
RUBENSTEIN; and DANIEL CONN,**

   **Defendants.**

**Civil Action No. 2:17-CV-02345
Honorable Thomas E. Johnston**

### DEFENDANTS DAVID BALLARD AND JAMES RUBENSTEIN'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

    **COMES NOW** Defendants David Ballard and James Rubenstein, by and through

counsel, John P. Fuller, Jeffrey M. Carder, and the law firm of Bailey & Wyant, PLLC, and for

their Answer and Affirmative Defenses to Plaintiff's Amended Complaint assert and aver the

following:

### FIRST AFFIRMATIVE DEFENSE

    Plaintiff's Amended Complaint fails to state a cause of action against these Defendants

for which relief may be granted and, therefore, it is proper for this Court to enter an Order

dismissing the same.

### SECOND AFFIRMATIVE DEFENSE

    These Defendants deny any and all facts, contentions or allegations set forth in Plaintiff's

Amended Complaint not hereinafter affirmatively admitted. In regard to the individual

paragraphs enumerated in Plaintiffs' Amended Complaint, these Defendants respond as follows:

    1.    Upon information and belief, these Defendants admit the allegations contained in

the introductory paragraph to Plaintiff's Amended Complaint to the extent that Plaintiff Keith W.R. Lowe has epilepsy and had been taking Dilantin for his condition which was then discontinued by Dr. Johnson but deny any and all further allegations contained in the introductory paragraph to Plaintiff's Amended Complaint and demand strict proof thereof.

2.      The Table of Contents to Plaintiff's Amended Complaint is an organizational table to which no response is required.  To the extent one is required, these Defendants deny the same and demand strict proof thereof.

3.      Defendants deny the allegations contained in the paragraphs preceding the INTRODUCTION to Plaintiff's Amended Complaint and demand strict proof thereof.

4.      Defendants deny the allegations contained in the INTRODUCTION to Plaintiff's Amended Complaint and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through the INTRODUCTION of the Amended Complaint and demand strict proof thereof.

## NATURE OF THIS ACTION

5.      Paragraph 1 of the Amended Complaint contains a statement for which no response is required.  To the extent one is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through Paragraph 1 of the Amended Complaint and demand strict proof thereof.

6.      Paragraph 2 of the Amended Complaint contains a statement for which no response is required.  To the extent one is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through Paragraph 2 of the Amended Complaint and demand strict proof thereof.

7. Paragraph 3 of the Amended Complaint contains a statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through Paragraph 3 of the Amended Complaint and demand strict proof thereof.

8. Paragraph 4 of the Amended Complaint contains a statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through Paragraph 4 of the Amended Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

9. Paragraph 5 of the Amended Complaint contains a conclusory statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof.

10. Paragraph 6 of the Amended Complaint contains a conclusory statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof.

11. Paragraph 7 of the Amended Complaint contains a conclusory statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through Paragraph 7 of the Amended Complaint and demand strict proof thereof.

12. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

## PARTIES

13. Defendants admit the allegations contained in Paragraph 9 of the Amended Complaint.

14.     Upon information and belief, Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint to the extent that Defendants David Ballard and Jim Rubenstein were in their respective positions of Warden at Mount Olive Correctional Facility and Commissioner of the West Virginia Department of Corrections at the times relevant to Plaintiff's Amended Complaint but deny any and all further allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and demand strict proof thereof.

15.     Paragraph 11 of the Amended Complaint contains a statement for which no response is required.  To the extent one is required these Defendants deny the same and demand strict proof thereof.

16.     These Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint to the extent that Defendant David Ballard was Warden of Mount Olive Correctional Facility at the times relevant to Plaintiff's Amended Complaint but deny any and all further allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and demand strict proof thereof.

17.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint to the extent that Defendant Donna Ward was medical director at times relevant to Plaintiff's Amended Complaint but deny any and all further allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and demand strict proof thereof.

18.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint to the extent that Defendant Dr. Sherri Johnson was a physician for Wexford at times relevant to Plaintiff's Amended Complaint but deny any and all further allegations contained in Paragraph 14 of Plaintiff's Amended Complaint and

demand strict proof thereof.

## STATEMENT OF FACTS

19.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint to the extent that Plaintiff Keith Lowe had epilepsy but deny any and all further allegations contained in Paragraph 15 of Plaintiff's Amended Complaint and demand strict proof thereof.

20.     Upon information and belief, these Defendants admit the allegations in Paragraph 16 of Plaintiff's Amended Complaint to the extent that Plaintiff had epilepsy but lack knowledge or information sufficient to form a belief as to the truth of any and all remaining statements and allegation contained in Paragraph 16 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

21.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint to the extent that Plaintiff Keith Lowe had been taking Dilantin for epilepsy but lack knowledge or information sufficient to form a belief as to the truth of any further statements and allegation contained in Paragraph 17 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

22.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 18 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

23.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 19 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

24.     These Defendants lack knowledge or information sufficient to form a belief as to

the truth of the statements and allegation contained in Paragraph 20 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

25.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint to the extent that Dr. Johnson stopped giving the Plaintiff Dilantin but deny any and all further allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and demand strict proof thereof.

26.     These Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and demand strict proof thereof.

27.     These Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint to the extent that Plaintiff wrote Commissioner Rubenstein informing him that Dr. Johnson stopped Plaintiff's seizure medication but deny any and all further allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and demand strict proof thereof.

28.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 24 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

29.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 25 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

30.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 26 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

31.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint to the extent that Plaintiff submitted a sick call

slip requesting to speak to Dr. Johnson with regard to his medication but deny any and all other statements and allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

32.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 28 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

33.      Upon information and belief, these Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

34.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 30 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

35.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 31 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

36.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 32 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

37.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 33 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

38.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 34 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

39.      These Defendants lack knowledge or information sufficient to form a belief as to

the truth of the statements and allegations contained in Paragraph 35 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

40.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 36 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

41.     Upon information and belief, Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

42.     These Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint and demand strict proof thereof.

43.     These Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint and demand strict proof thereof.

44.     These Defendants state that the medical records referenced in Paragraph 40 of Plaintiff's Amended Complaint speak for themselves. These Defendants affirmatively states that the Amended Complaint mischaracterizes and misconstrues these records and denies inferences which Plaintiff has drawn therefrom.

## GENERAL ALLEGATIONS

45.     These Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint to the extent that Defendants were aware that Plaintiff had epilepsy but deny any and all further allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and demand strict proof thereof.

46.     These Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and demand strict proof thereof.

47.     These Defendants deny the allegations contained in Paragraph 43 of Plaintiff's

Amended Complaint and demand strict proof thereof.

48.     These Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint and demand strict proof thereof.

49.     The statement and allegations contained in Paragraph 45 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

50.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 46 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

51.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 47 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

52.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint to the extent that Dr. Johnson changed Plaintiff's seizure medication to one that did not require a blood draw but deny any and all further allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and demand strict proof thereof.

53.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint to the extent that Dr. Johnson stopped Plaintiff's Dilantin but deny any and all further allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and demand strict proof thereof.

54.     The statements and allegations contained in Paragraph 50 of Plaintiff's Amended

Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

55.     These Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and demand strict proof thereof.

**COUNT I:     MEDICAL TREATMENT, 42 USC § 1983 CLAIMSAGAINST DEFENDANTS FOURTEENTH AMENDMENT VIOLATIONS. DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS EIGHTH AMENDMENT VIOLATIONS.**

56.     Having previously responded to Paragraphs 1 – 51 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

57.     These Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint and demand strict proof thereof.

58.     These Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demand strict proof thereof.

59.     These Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and demand strict proof thereof.

60.     These Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and demand strict proof thereof.

**A.  FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT
(alleged by Plaintiff against Defendants Johnson, Warden, Ballard and Rubenstein)(and Daniel Conn.)**

61.     Having previously responded to Paragraphs 1 – 56 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

62. These Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and demand strict proof thereof.

63. These Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint and demand strict proof thereof.

64. These Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint and demand strict proof thereof.

65. These Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint and demand strict proof thereof.

66. These Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint and demand strict proof thereof.

67. These Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint and demand strict proof thereof.

68. These Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint and demand strict proof thereof.

**B. FAILURE TO PROVIDE MEDICALLY PRESCRIBED SEIZURE MEDICATION (alleged against Defendants Johnson, Warden, Ballard, Rubenstein)**

69. Having previously responded to Paragraphs 1 – 64 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

70. These Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint and demand strict proof thereof.

71. These Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint and demand strict proof thereof.

72.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint to the extent that Plaintiff had epilepsy for which he was taking Dilantin but deny any and all further allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demand strict proof thereof.

73.     Having previously responded to Paragraphs 58 – 68 of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

74.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 70 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

75.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 71 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

76.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 72 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

77.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 73 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

78.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 74 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

79.     Paragraph 75 of the Amended Complaint contains a statement for which no response is required.  To the extent one is required the Defendants deny the same and demand strict proof thereof.

80.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 76 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

81.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegation contained in Paragraph 77 of the Amended Complaint, and therefore deny the same and demand strict proof thereof.

82.     These Defendants deny the allegations contained in the WHEREFORE section of Plaintiff's Amended Complaint and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through the WHEREFORE section of the Amended Complaint and demand strict proof thereof.

## COUNT II:   SUPERVISORY LIABILITY

83.     Having previously responded to Paragraphs 1 – 77 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

84.     Defendants admit that Defendants David Ballard and James Rubenstein were Warden at Mount Olive Correctional Center and Commissioner of West Virginia Department of Corrections, respectively at times relevant to Plaintiff's Amended Complaint but deny any and all further allegations contained in Paragraph 79 of Plaintiff's Amended Complaint and demand strict proof thereof.

85.     Upon information and belief, Defendants admit the allegations contained in

Paragraph 80 of Plaintiff's Amended Complaint to the extent that Plaintiff wrote letters informing Defendants that Dr. Johnson had discontinued his Dilantin but deny any and all further allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demand strict proof thereof.

86.     These Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint and demand strict proof thereof.

87.     These Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint and demand strict proof thereof.

88.     These Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint and demand strict proof thereof.

89.     These Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint and demand strict proof thereof.

90.     These Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint and demand strict proof thereof.

91.     These Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint and demand strict proof thereof.

92.     These Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint and demand strict proof thereof.

93.     These Defendants deny the allegations contained in the WHEREFORE section of Plaintiff's Amended Complaint and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through the WHEREFORE section of the Amended Complaint and demand strict proof thereof.

## COUNT III:  BREACH OF CONTRACT

94.     Having previously responded to Paragraphs 1 – 87 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

95.     These Defendants admit the allegations contained in Paragraph 89 of the Amended Complaint.

96.     These Defendants admit the allegations contained in Paragraph 90 of the Amended Complaint.

97.     These Defendants admit the allegations contained in Paragraph 91 of the Amended Complaint.

98.     Paragraph 92 of the Amended Complaint contains a conclusory statement for which no response is required.  To the extent one is required these Defendants deny the same and demand strict proof thereof.

99.     The statements and allegations contained in Paragraph 93 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

100.    These Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint and demand strict proof thereof.

101.    Paragraph 95 of the Amended Complaint contains a conclusory statement for which no response is required.  To the extent one is required these Defendants deny the same and demand strict proof thereof.

102. Paragraph 96 of the Amended Complaint contains a conclusory statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof.

103. These Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint and demand strict proof thereof.

104. These Defendants deny that Plaintiff is entitled to any relief sought through the WHEREFORE section of the Amended Complaint and demand strict proof thereof.

**COUNT IV:    VIOLATION OF THE WEST VIRGINIA CONSUMER FRAUD AND DECEPTION TRADE PRACTICE ACT (alleged against Dr. Johnson and Donna Warden) (and CEO of Wexford Daniel Conn)**

105. Paragraph 98 of the Amended Complaint contains a conclusory statement for which no response is required. To the extent one is required these Defendants deny the same and demand strict proof thereof.

106. Having previously responded to Paragraphs 1 – 98 and other sections of Plaintiff's Amended Complaint, these Defendants reassert and allege each response as if fully contained herein verbatim.

107. These Defendants admit the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint to the extent that Wexford is a private company contracted with WVDOC but deny any and all further allegations contained in Paragraph 100 of Plaintiff's Amended Complaint and demand strict proof thereof.

108. The statements and allegations contained in Paragraph 101 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

109.     The statements and allegations contained in Paragraph 102 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

110.     The statements and allegations contained in Paragraph 103 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

111.     The statements and allegations contained in Paragraph 104 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

112.     The statements and allegations contained in Paragraph 105 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

113.     The statements and allegations contained in Paragraph 106 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof.

114.     The statements and allegations contained in Paragraph 107 of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and

demand strict proof thereof.

115.    The statements and allegations contained in the WHEREFORE section of Plaintiff's Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial. To the extent a response is required these Defendants deny the same and demand strict proof thereof. These Defendants further deny that Plaintiff is entitled to any relief sought through the WHEREFORE section of the Amended Complaint and demand strict proof thereof.

### COUNT V:    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116.    These Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint and demand strict proof thereof.

117.    These Defendants deny that Plaintiff is entitled to any relief sought through the PRAYER section of the Amended Complaint and demand strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

These Defendants state that at all times relevant to the allegations contained in the Plaintiff's Amended Complaint, they acted in good faith and in accordance with clearly established law.

### FOURTH AFFIRMATIVE DEFENSE

Justification existed at all times for the actions taken by these Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Any and all damages incurred by the Plaintiff, if any, were the direct and proximate result of his own acts and are in no way attributable to any wrongdoing on the part of these Defendants.

### SIXTH AFFIRMATIVE DEFENSE

These Defendants have, at all times, acted within their legal rights in the conduct of all

their activities and with just cause.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants plead all immunities and defenses available to them under Federal and State law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims of negligence and harassment, if any, are not cognizable claims under *42 U.S.C. § 1983*. Furthermore, these Defendants hereby invoke any and all defenses and or immunities provided by *42 U.S.C. §1983, et. seq.* and any and all corresponding case law and statutes interpreting the same.

## NINTH AFFIRMATIVE DEFENSE

These Defendants assert all common law immunities, including qualified, sovereign, constitutional, statutory, or other immunities applicable to them.

## TENTH AFFIRMATIVE DEFENSE

At all times material herein, these Defendants acted in an objective, reasonable manner and did not violate any legal rights of the Plaintiff, of which these Defendants knew or in the exercise of reasonable diligence should have known.

## ELEVENTH AFFIRMATIVE DEFENSE

These Defendants assert that, to the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: contributory negligence, comparative negligence, assumption of the risk, sudden emergency; duress, waiver, *estoppel*, fraud, illegality, laches, license, payment, release, *res judicata*, acquiescence, running of the statute of limitations, lack of personal jurisdiction, lack of service of process, improper service of process, improper notice, improper venue, and

any other matter constituting an avoidance or affirmative defense.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff's negligence and/or intentional acts were primary in the happening of the incident described in Plaintiff's Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any injuries or damages as alleged in the Amended Complaint, all of which these Defendants specifically deny, then such injuries and damages were caused or contributed to by reason of the negligence and/or intentional acts of the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to file such cross-claims, counterclaims, and third-party Complaints and other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek comparative contribution and/or indemnity against anyone, as these Defendants may prove appropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the doctrine of "unclean hands".

## SIXTEENTH AFFIRMATIVE DEFENSE

These Defendants did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support the Plaintiff's claim for damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants assert that the Plaintiff, by his actions, may have failed to mitigate his

damages or, in the alternative, if the Plaintiff has mitigated his damages, then these Defendants are entitled to have those mitigated damages credited to those amounts, if any, owed by them to the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is prohibited from recovering punitive damages pursuant to West Virginia Code §55-17-4(3).

## NINETEENTH AFFIRMATIVE DEFENSE

These Defendants reserves the right to raise any additional affirmative defenses which may arise during the discovery of this matter, including comparative fault of unknown third-parties.

## TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of governmental, sovereign, and constitutional immunity as contained in Article IV, Section 35 of the Constitution of West Virginia and applicable case law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All actions taken by these Defendants were privileged and such privilege bars any claims the Plaintiff may have against them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There were legitimate reasons for all decisions made by these Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff has not advanced adequate allegations to advance a civil rights lawsuit against these Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks to impose supervisory liability on these Defendants, he has failed to advance a proper supervisory liability claim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

These Defendants assert that dismissal is warranted pursuant to *28 U.S.C.* §§1915A, 1915(e) (2), *42 U.S.C.* § 1997e(c) and *F. R. Civ. P.* 12(b) (6).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust administrative remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Attorney's fees authorized under 42 USC §1988 are limited pursuant to 42 USC §1997(d).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The punitive damages Plaintiff seeks would violate these Defendants' rights under the United States Constitution, as more particularly explained hereafter:

A.     An award of punitive damages would violate these Defendants' rights to due process and equal protection as guaranteed by the 5th, 8th and 14th Amendments to the United States Constitution. The very concept of punitive damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall, incident to punishing a Defendant, represents the taking of property without due process of law.

B.     A punitive damage award, and particularly one of the magnitude sought by the Plaintiff herein, would deprive these Defendants of their property without due process of law, in violation of the Fifth Amendment to the United States Constitution.  Further, such an award would violate the prohibition against excessive finds contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the 14th Amendment to the

United States Constitution.

**JURY REQUEST**

A jury is requested on all issues triable.

**PRAYER**

**WHEREFORE**, having fully answered the Complaint, these Defendants demand that the Complaint be dismissed, with prejudice, as well as any and all other relief this Court deems just and proper.

**DAVID BALLARD AND
JAMES RUBENSTEIN,**

**By Counsel,**

**/s/ John P. Fuller**
**John P. Fuller (WV Bar #9116)**
**Jeffrey M. Carder (WV Bar #12725)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jfuller@baileywyant.com**
**jcarder@baileywyant.com**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**KEITH W.R. LOWE,**

    **Plaintiff,**

**v.**
                                        **Civil Action No. 2:17-CV-02345**
                                        **Honorable Thomas E. Johnston**

**DR. SHERRI JOHNSON; DONNA
WARDEN; DAVID BALLARD; JAMES
RUBENSTEIN; and DANIEL CONN,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**Defendant David Ballard and James Rubenstein's Answer and Affirmative Defenses to Plaintiff's Amended Complaint**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system and to *pro se* parties via U.S. Regular Mail on this day, Thursday, April 16, 2020:

Keith W. R.  Lowe – Inmate #3380501
Mount Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185
*Pro Se Plaintiff*

Ashley J. Smith
Jeffery W. Lilly
Philip C. Petty
Rose Padden Petty Taylor & Lilly, L.C.
PO Box 1307
Fairmont, WV  26555-1307
*Counsel for Dr. Sherri Johnson, Donna Warden and Daniel Conn*

                                        **/s/ John P. Fuller**
                                        **John P. Fuller (WV Bar #9116)**
                                        **Jeffrey M. Carder (WV Bar #12725)**
                                        **BAILEY & WYANT, PLLC**
                                        **500 Virginia Street, East, Suite 600**
                                        **Post Office Box 3710**
                                        **Charleston, West Virginia  25337-3710**
                                        **(304) 345-4222**
                                        jfuller@baileywyant.com
                                        jcarder@baileywyant.com